UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EDWARD WEST,<br><br>          Plaintiff,<br><br>     v.<br><br>PAULETTE FINANDER, ET AL.,<br><br>          Defendants. | No. CV13-4547-DOC (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

   Pursuant to 28 U.S.C. section 636, the Court has reviewed the Third Amended Complaint ("TAC"), all of the records herein, and the Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed (see Docket Entry No. 139), the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

   Plaintiff requests that the Court take judicial notice of its previous Order dismissing the Second Amended Complaint ("SAC") with

1

leave to amend. (Objection 9.) Plaintiff refers to a statement in that order informing Plaintiff that if he failed to file a Third Amended Complaint, the action could still proceed on the SAC's claims against Defendant Finander, and the Eighth Amendment claim against Defendant C. Chin. (See "Order Dismissing SAC," Docket Entry No. 106, at 57.)

There is no need for the Court to take judicial notice of its own order or of documents that are already judicially known. Moreover, because Plaintiff has amended his claims, the court's prior ruling is immaterial. See Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012); Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (an amended complaint supersedes a previous complaint and renders the previous complaint of no legal effect).

Nevertheless, Plaintiff avers that the Court should sustain his Eighth Amendment claims against Defendant Finander and Defendant C. Chin because the Court did not dismiss these claims from the SAC and the allegations with respect to these Defendants have not been changed in the TAC. (Objection 10.) However, in the order dismissing the SAC, the Court never determined whether Plaintiff had properly alleged § 1983 claims against Defendant Finander. This is because Finander previously filed an answer to the SAC and decided not to move to dismiss. (See Order Dismissing SAC at 22, note 13.) Here, however, Defendant Finander filed a Rule 12(b)(6) Motion to Dismiss the TAC for failure to state a claim. (Docket Entry No. 121.) The Report and Recommendation addresses the reasons for granting Defendant's motion. (See Docket Entry No. 136, at 9—19.)

With respect to the allegations against Defendant C. Chin, the Court finds that Plaintiff has not "state[d] a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In the Order Dismissing the SAC, the Court stated that Defendant C. Chin's "alleged refusal to treat Plaintiff's symptoms on June 20, 2011" constituted a *prima facie* Eighth Amendment deliberate indifference claim. (Order Dismissing SAC, at 28.) However, as noted in the exhibits attached to the TAC, Plaintiff was not denied treatment that day. Plaintiff was treated by Dr. Mai, and complained of "mouth discharge green and gray in color, swollen gland under tongue, stiff neck [and] headache." (TAC, Ex. C1 at 42.) Plaintiff's contention that he returned several times for medical treatment and was refused is simply untrue. On and after June 20, 2011, Plaintiff was seen by and referred to numerous physicians in and out of the facility for his complaints of abdominal pain, pain associated with his blocked salivary gland, as well as other complaints. (TAC Exs. A—E, at 37—54.)

Petitioner's remaining objections are simply re-assertions of arguments raised in his Opposition to Defendants' Motions to Dismiss. These arguments were addressed in and rejected by the Report and Recommendation and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

IT IS ORDERED that Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Plaintiff at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 21, 2015  _____, 2015.

                                                  _____
                                                      DAVID O. CARTER
                                              UNITED STATES DISTRICT JUDGE